Case 4:25-cv-05974   Document 13   Filed 02/13/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA CATALINA CHITIC MATEO, <br> A #203-783-891, <br>     Petitioner, <br><br> VS. <br><br> RANDY TATE, *et al.*, <br><br>     Respondents. | § <br> § <br> § <br> § <br> §   CIVIL ACTION NO. 4:25-CV-05974 <br> § <br> § <br> § <br> § |

## ORDER OF DISMISSAL

The petitioner, Ana Catalina Chitic Mateo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention. Doc. No. 1. She also filed a motion for a temporary restraining order ("TRO"). Doc. No. 2. Respondents have filed a motion for summary judgment (Doc. No. 10), to which petitioner has filed a response in opposition (Doc. No. 12).

The undisputed facts in the record show that Petitioner is a noncitizen who entered the United States without inspection. Petitioner contends that she is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that she has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Her arguments regarding sections 1225 and 1226 and their

implementing regulations are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) and motion for a TRO (Doc. No. 2) are **DENIED**.
2. Respondents' motion for summary judgment (Doc. No. 10) is **GRANTED**.
3. This case is **DISMISSED without prejudice**.
4. All other pending motions, if any, are **DENIED as MOOT**.
5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to this Order or to the panel decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

SIGNED this 13 day of February 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE